o

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOCORRO PEREZ,<br><br>        Plaintiff,<br><br>    vs.<br><br>TARGET CORPORATION,<br><br>        Defendants. | CASE NO. SACV 11-823-JST (SSx)<br><br>**ORDER DENYING DEFENDANT TARGET'S MOTION FOR SUMMARY JUDGMENT** |

## I.  INTRODUCTION

Before the Court is a Motion for Summary Judgment brought by Defendant Target Corporation ("Target") (Doc. 13.)  Having reviewed the briefs, heard oral argument, and taken the matter under submission, the Court DENIES Target's Motion for Summary Judgment for the reasons discussed below.

## II. BACKGROUND

On April 22, 2009, Socorro Perez ("Plaintiff") was shopping at Target's retail store with her husband.  (Pl.'s Statement of Genuine Disputes and Statement of Uncontroverted Facts in Support of Pl.'s Opp'n to Def.'s Mot. for Summ. J. ("SUF"), Doc. 24, ¶ 1.)  While shopping, she slipped and fell ("incident") on a liquid substance in the luggage aisle of the store and sustained injuries.  (SUF ¶ 5.)

On April 22, 2011, Plaintiff filed suit against Target in the Superior Court for the County of Orange seeking damages for the personal injuries she allegedly sustained due to Target's alleged negligent maintenance of its premises.  (Not. of Rem., Doc. 1, Exh. B.)  Target removed the action to federal district court, and then moved for summary judgment.  (Def.'d Mot., Doc. 13.)  Plaintiff filed an Opposition, (Pl.' Opp., Doc. 23), and Target filed a Reply, (Def.'s Reply, Doc. 27), along with objections to the evidence submitted by Plaintiff in her opposition.  (Def.'s Objections to Evidence, Doc. 29.)

## III.   EVIDENTIARY ISSUES

To the extent certain facts are not mentioned in the Order, the Court has not relied on them in reaching its decision.  Furthermore, except as described below, the Court overrules Defendant's evidentiary objections, but has independently considered the admissibility of the evidence underlying the SUF and Plaintiff's declaration ("Socorro Decl.", Doc. 34) and has not considered facts that are irrelevant or based upon inadmissible evidence.

1   Defendant challenges statements in declarations submitted by Plaintiff as being

2   inadmissible because they contradict the declarant's prior testimony.  "The general rule in

3   the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting

4   his prior deposition testimony."  *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998 (9th

5   Cir. 2009) (quoting *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th. Cir. 1991)).

6   Known as the "sham affidavit" rule, this rule is necessary to maintain the integrity of the

7   summary judgment procedure.  *See id*.  The rule, however, is in tension with the principle

8   that a "court's role in deciding a summary judgment motion is not to make credibility

9   determinations or weigh conflicting evidence."  *Id*.  Accordingly, the rule is "applied with

10  caution" and the Ninth Circuit has placed "two important limitations on a district court's

11  discretion to invoke the sham affidavit rule."  *Id*. (citations omitted).

12      First, the rule "does not automatically dispose of every case in which a

13  contradictory affidavit is introduced to explain portions of earlier deposition testimony"

14  and instead "the district court must make a factual determination that the contradiction was

15  actually a 'sham.'"  *Id*. (quoting *Kennedy*, 952 F.2d at 266-67).   Sham testimony is

16  "testimony that *flatly contradicts* earlier testimony in an attempt to 'create' an issue of fact

17  and avoid summary judgment."  *Kennedy*, 952 F. 2d at 266 (emphasis added).   Second,

18  "the inconsistency between a party's deposition testimony and subsequent affidavit must

19  be clear and unambiguous to justify striking the affidavit."  *Van Asdale*, 577 F.3d at 998-

20  99.  Thus, "elaborating upon, explaining or clarifying prior testimony" is not sham.  *Id*. at

21  999 (quoting *Messick v. Horizon Indus.*, 62 F.3d 1227, 1231 (9th Cir. 1995)).

22      Defendant challenges the statements in Plaintiff's declaration as being inconsistent

23  with Plaintiff's prior recorded statement.  (Def.'s Objections to Evidence, ¶¶ 2, 3, 5, 6, 9,

24  10.)  Plaintiff, in her prior recorded statement, said she "walked over where the luggage"

25  was, "checking which was better" and then she "made one step" before slipping.  (Dec. of

26  Beatriz, Doc. 31, Exh 4., 3.)  In her declaration, she testified spending "approximately ten

27  minutes in the aisle browsing and checking through the different pieces of luggage" before

28  the incident.  (Socorro Decl., ¶ 12.)  She also claimed in her declaration to have "noticed a

3

1   . . . drying stain on the outer boundaries of the puddle" after the incident.  (*Id.*, ¶ 8.)

2   Defendant asserts the "ten minutes" and the "drying stain" statements are sham because

3   she did not mention these facts in her prior recorded statement.  (Def.'s Objections to

4   Evidence, ¶¶ 3, 5.)  Defendant also claims that her prior statement—"made one step"—is

5   inconsistent with the "ten minutes."  (*Id.*)  Nothing in Plaintiff's declaration, however,

6   "flatly contradicts" her prior testimony.  Plaintiff's declaration is merely "elaborating

7   upon" prior testimony.  At most, this raises an issue of credibility.  The Court, however,

8   does not make credibility determinations in deciding a motion for summary judgment.

9   Without more, Defendant's challenges to the Plaintiff's declaration do not support the

10   allegations that it is a "sham" declaration.  Accordingly, the Court overrules Defendant's

11   objections and considers the aforementioned facts in Plaintiff's declaration.

12         Furthermore, at oral argument, Defendant argued that Plaintiff's estimate of how

13   long the puddle was on the floor based on her interpretation of the drying stain should be

14   excluded from evidence for lack of foundation.  The fact that the puddle was drying is

15   within Plaintiff's personal knowledge.  Her time estimate, however, lacks foundation and

16   was not considered by the Court in deciding this motion for summary judgment.

17

18   **IV. LEGAL STANDARD**

19         In deciding a summary judgment motion, a court must view the evidence in the

20   light most favorable to the non-moving party and draw all justifiable inferences in its

21   favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  "The court shall grant

22   summary judgment if the movant shows that there is no genuine dispute as to any material

23   fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The

24   moving party bears the initial burden of demonstrating the absence of a genuine issue of

25   fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party meets its

26   initial responsibility, the burden then shifts to the opposing party to establish that a genuine

27   issue as to any material fact exists.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

28   U.S. 574, 586 (1986).  A factual issue is "genuine" when there is sufficient evidence such

1   that a reasonable trier of fact could resolve the issue in the non-movant's favor, and an

2   issue is "material" when its resolution might affect the outcome of the suit under the

3   governing law. *Anderson*, 477 U.S. at 248.

4

5   **V.  DISCUSSION**

6       Plaintiff argues Target was negligent in maintaining its premises.  To establish

7   liability on her negligence claim, Plaintiff must "prove duty, breach, causation, and

8   damages." *Ortega v. Kmart Corp.*, 114 Cal. Rptr. 2d 470, 474 (Cal. 2001).  "It is well

9   established in California that although a store owner is not an insurer of the safety of its

10  patrons, the owner does owe them a duty to exercise reasonable care in keeping the

11  premises reasonably safe." *Id.*  "A store owner exercises ordinary care by making

12  reasonable inspections of the portions of the premises open to customers, and the care

13  required is commensurate with the risks involved." *Id.*  "[T]o impose liability for injuries

14  suffered by an invitee due to a defective condition of the premises, the owner or occupier

15  must have either actual or constructive knowledge of the dangerous condition or have been

16  able by the exercise of ordinary care to discover the condition . . . ." *Id.* at 475.

17      In the absence of evidence of actual notice, Plaintiff argues Target had constructive

18  notice of the dangerous condition.  (SUF ¶ 18.)  Plaintiff has "the burden of producing

19  evidence that the dangerous condition existed for at least a sufficient time to support a

20  finding the defendant had constructive notice of the hazardous condition." *Ortega*, 114

21  Cal. Rptr. 2d at 480.  Plaintiff may prove this with circumstantial evidence. *Id.* at 478.

22  "[E]vidence of the owner's failure to inspect the premises within a reasonable period of

23  time is sufficient to allow an inference that the condition was on the floor long enough to

24  give the owner the opportunity to discover and remedy it." *Id.* at 473.  There are no exact

25  time limitations, and "[i]t remains a question of fact for the jury whether, under all the

26  circumstances, the defective condition existed long enough so that it would have been

27  discovered and remedied by an owner in the exercise of reasonable care." *Id.* at *480.*

28

1    The parties dispute how long the dangerous condition existed. Target asserts

2  summary judgment is appropriate because Plaintiff lacks evidence to prove the spill was

3  on the floor for a sufficient length of time to impute constructive notice. (Def.'s Mot. at

4  9.) Target asserts its employees inspected the luggage aisle five to ten minutes prior to the

5  incident and did not find any dangerous condition. (SUF ¶¶ 12-16.) Plaintiff disputes this

6  assertion and testifies she was in the luggage aisle for ten minutes prior to the incident and

7  did not notice any Target employees entering or exiting the luggage aisle in that time

8  period. (Socorro Decl., ¶ 12.) Plaintiff also alleges the liquid substance that she slipped

9  on was clear, and she noticed "drying stains" on the outer boundaries of the puddle.

10  (Socorro Decl., ¶¶ 7-8.) This suggests the liquid may have been on the floor for some

11  significant period of time. Presented with this evidence, the Court's role is only to

12  determine whether a genuine issue of material fact exists, not to make determinations of

13  credibility or weigh the evidence. *See Anderson*, 477 U.S. at 255 ("Credibility

14  determinations, the weighing of the evidence, and the drawing of legitimate inferences

15  from the facts are jury functions, not those of a judge . . . ruling on a motion for summary

16  judgment[.]").

17    Here, a genuine triable issue remains as to how long the substance was on the floor

18  before Plaintiff slipped on it, and whether Target had constructive knowledge of the

19  substance's presence before Plaintiff's fall. Plaintiff provides sufficient circumstantial

20  evidence to raise an inference the liquid was on the floor for an extended period of time.

21  These disputed facts are material because they are determinative of whether Target

22  exercised reasonable care in keeping its premises reasonably safe. *See Ortega*, 114 Cal.

23  Rptr. 2d at 474. Because the determination of "[w]hether a dangerous condition has

24  existed long enough for a reasonably prudent person to have discovered it is a question of

25  fact for the jury," summary judgment is not appropriate. *Id.* at 476.

26

27

28

6

# VI.  CONCLUSION

For the reasons stated above, the Court DENIES Target's Motion for Summary Judgment.

DATED: <u>October 25, 2011</u>

**<u>JOSEPHINE STATON TUCKER</u>**
JOSEPHINE STATON TUCKER
UNITED STATES DISTRICT JUDGE
